**DAVID M.C. PETERSON**
California State Bar No. 254498
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
E-mail: david_peterson@fd.org

Attorneys for Mr. Tran

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JANIS L. SAMMARTINO)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08cr0367-JLS |
| Plaintiff, | Date: March 14, 2008 |
| | Time: 1:30 p.m. |
| v. | |
| BIEN VU HAI TRAN, | **STATEMENT OF FACTS AND POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS** |
| Defendant. | |

**I.**

**STATEMENT OF FACTS**[1]

On January 30, 2008, at roughly 5:19 a.m., Mr. Tran was arrested at the San Ysidro Port of Entry, after a roving canine unit alerted to the 2001 Chevrolet Suburban he was driving. At secondary inspection, officers discovered an undercarriage compartment. They subsequently located a compartment containing two material witnesses.

Mr. Tran was indicted by a federal grand jury on February 13, 2008. The first count in the indictment alleges violations of 8 U.S.C. § 1324(a)(2)(B)(ii), bringing in undocumented aliens for financial gain, and 18 U.S.C. § 2, aiding and abetting. The second count alleges a violation of and 8 U.S.C. § 1324(a)(2)(B)(iii), bringing in undocumented aliens.

---

[1] The following statement of facts is based on the probable cause statement. Mr. Tran reserves the right to take a position contrary to the following statement of facts at the motions hearing and at trial.

## II.

## **MOTION TO COMPEL DISCOVERY**

This request for discovery is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989):

(1) Mr. Tran's Statements. The government must disclose: (a) copies of any written or recorded statements made by Mr. Tran; (b) copies of any written record containing the substance of any statements made by Mr. Tran, including the rough notes of all agents involved in the case; and (c) the substance of any statements made by Mr. Tran that the government intends to use, for any purpose, at trial. See Fed. R. Crim. P. 16(a)(1)(A)-(B). This request specifically includes a copy of any audio and video-taped statements of Mr. Tran and any rough notes agents took of his statements, whether those statements were videotaped or not, and whether those tapes were inculpatory or exculpatory. **Discovery indicates that defendant made statements prior to receiving *Miranda* warnings, but those statements have not yet been provided to defense counsel. Mr. Tran is entitled to such statements and and the Court should order them turned over immediately.**

(2) Mr. Tran's Prior Record. Mr. Tran requests disclosure of his prior record. This includes Mr. Fudge's record of contacts with the United States Border Patrol and/or the Immigration and Naturalization Service, even if those contacts did not result in prosecution. See Fed. R. Crim. P. 16(a)(1)(D).

(3) Arrest Reports, Notes and Dispatch Tapes. Mr. Tran also specifically requests the government to turn over all arrest reports, notes, dispatch or any other tapes that relate to he circumstances surrounding his arrest or any questioning. This request includes, but it is not limited to, any rough notes, photographs, records, reports, transcripts or other discoverable material. Fed. R. Crim. P. 16 (a)(1)(A)-(B), (E); Brady v. Maryland, 373 U.S. 83 (1983). The government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. Fed. R. Crim. P. 16 (a)(1)(A)-(B), (E); Fed. R. Crim. P. 26.2. **Specifically, Mr. Tran requests preservation of the rough notes of Agents Hershey, Cortez, Vales, Cerda and Agent Eric Velazquez**, whether or not the government deems them discoverable at this time.

  (4) <u>Documents and Tangible Objects</u>.  Mr. Tran requests the opportunity to inspect, copy, and photograph all documents and tangible objects which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to him.  <u>See</u> Fed. R. Crim. P. 16(a)(1)(E).

  (5) <u>Reports of Scientific Tests or Examinations</u>.  Mr. Tran requests the reports of all tests and examinations which are material to the preparation of the defense or are intended for use by the government at trial.  <u>See</u> Fed. R. Crim. P. 16(a)(1)(F).

  (6) <u>Expert Witnesses</u>.  Mr. Tran requests the name and qualifications of any person that the government intends to call as an expert witness.  <u>See</u> Fed. R. Crim. P. 16(a)(1)(G).  In addition, Mr. Tran requests written summaries describing the bases and reasons for the expert's opinions.  <u>See id.</u>  We request that the Court order the government to notify the defense as such in a timely manner, so that a proper 104 (<u>Kumho</u>-<u>Daubert</u>) admissibility hearing can be conducted without unduly delaying the trial.

  (7) <u>Brady Material</u>.  Mr. Tran requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or punishment.  <u>See</u> <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  This request specifically includes a copy of any **audio and video-taped statement of material witnesses, whether they were deported or not, and any rough notes agents took of their statements**.

  In addition, impeachment evidence falls within the definition of evidence favorable to the accused, and therefore Mr. Tran requests disclosure of any impeachment evidence concerning any of the government's potential witnesses, including prior convictions and other evidence of criminal conduct.  <u>See</u> <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976); <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).  This request includes, but is not limited to, any complaints filed (by a member of the public, by another agent, or any other person) against the agent, whether or not the investigating authority has taken any action, as well as any matter for which a disciplinary review was undertaken, whether or not any disciplinary action was ultimately recommended.  In addition, Mr. Tran requests any evidence tending to show that a prospective government witness: (a) is biased or prejudiced against the defendant; (b) has a motive to falsify or distort his or her testimony; (c) is unable to perceive, remember, communicate, or tell the truth; or (d) has used narcotics or other controlled substances, or has been an alcoholic.

//

1    (8) <u>Request for Preservation of Evidence</u>. Mr. Tran specifically requests the preservation of all
2 physical or documentary evidence that may be destroyed, lost, or otherwise put out of the possession,
3 custody, or care of the government and that relate to the arrest or the events leading to the arrest in this
4 case. **Mr. Tran specifically requests preservation of agent "rough notes," which includes all notes**
5 **taken by any and all agents involved in the arrest and processing of Mr. Tran, whether before the**
6 **arrest, during, or after the arrest.**

7    (9) <u>Any Proposed 404(b) Evidence</u>. "[U]pon request of the accused, the prosecution . . . shall
8 provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government
9 proposes to introduce under Rule 404(b). Fed. R. Evid. 404(b). Mr. Tran requests such notice three weeks
10 before trial in order to allow for adequate trial preparation.

11    This includes any "TECS" records (records of prior border crossings) that the Government intends
12 to introduce at trial, whether in its case-in-chief, impeachment, or rebuttal. Although there is nothing
13 intrinsically improper about prior border crossings, they are nonetheless subject to 404(b), as they are
14 "other acts" evidence that the government must produce before trial. <u>See</u> <u>United States v. Vega</u>, 188 F.3d
15 1150, 1154-1155 (9th Cir. 1999).

16    (10) <u>Witness Addresses</u>. Mr. Tran's counsel requests access to the government's witnesses. Thus,
17 counsel requests a witness list and contact phone numbers for each prospective government witness.
18 Counsel also requests the names and contact numbers for witnesses to the crime or crimes charged (or any
19 of the overt acts committed in furtherance thereof) who will <u>not</u> be called as government witnesses.
20 **Particularly, Mr. Tran requests the full name and last known addresses of all material witnesses,**
21 **including the percipient witness who was released and deported on January 30, 2008.**

22    (11) <u>Jencks Act Material</u>. Mr. Tran requests production in advance of trial of all material
23 discoverable pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid needless delays
24 at pretrial hearings and at trial. This request includes any "rough" notes taken by the agents in this case;
25 these notes must be produced pursuant to 18 U.S.C. § 3500(e)(1). This request also includes production
26 of transcripts of the testimony of any witness before the grand jury. <u>See</u> 18 U.S.C. § 3500(e)(3).

27    (11a) <u>Original I-213s</u>. Counsel has not received the typewritten I-213s pertinent to this case.
28 **Defendant requests the typewritten I-213s for *both* material witnesses and notes taken by the agents**

1  **while filling out the form—** in the field. Later, those notes are typed into the computer. Counsel hereby
2  requests the typewritten notes.

3  (12) <u>Informants and Cooperating Witnesses</u>. Mr. Tran requests disclosure of the name(s),
4  address(es), and location(s) of all informants or cooperating witnesses used or to be used in this case, and
5  in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated
6  in the crime charged against Mr. Tran. <u>Roviaro v. United States</u>, 353 U.S. 52, 61-62 (1957). The
7  government must disclose any information derived from informants which exculpates or tends to exculpate
8  Mr. Tran. <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The government must disclose any information
9  indicating bias on the part of any informant or cooperating witness. <u>Id.</u> In addition, Mr. Tran requests
10 disclosure of the names of any witnesses in related cases who may be cooperating with the government or
11 providing information that the government is using in its case against Mr. Tran, as well as any information
12 indicating bias on the part of any witnesses or potential witnesses against him.

13 (13) <u>Residual Request</u>. Mr. Tran intends by this discovery motion to invoke his rights to discovery
14 to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws
15 of the United States.

## II.

### THIS COURT SHOULD ORDER PRESERVATION OF EVIDENCE

18 Mr. Tran requests the preservation of all physical evidence in this case. This includes any evidence
19 that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government (or
20 its private contractors) in this case. <u>United States v. Riley</u>, 189 F.3d 802, 806-808 (9th Cir.1999). This
21 request includes, but is not limited to: (1) the results of any fingerprint analysis; (2) the defendant's
22 personal effects; (3) the agents' rough notes; (4) any radio broadcast, if it is recorded; (5) any videotape
23 taken of Mr. Tran, or anyone else involved in this case at the Border Patrol Checkpoint; (6) any evidence
24 seized from the defendant or any third party (i.e., material witnesses, co-defendants); and (7) the vehicle
25 in this case. This request also includes any material or percipient witnesses who might be deported or
26 otherwise likely to become unavailable (e.g. undocumented aliens and transients). Defendant requests that
27 government counsel be ordered to notify the agencies and private contractors with custody of such evidence
28 of the Court's preservation order.

## III.

## MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

Defense counsel has received **94 pages** of discovery in this case as of filing the instant pleadings. As information comes to light, due to the government providing additional discovery in response to these motions or an order of this Court, the defense may find it necessary to file further motions. It is, therefore, requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

## IV.

## CONCLUSION

For these and all the foregoing reasons, the defendant, Mr. Tran, respectfully requests that this Court grant his motions and grant any and all other relief deemed proper and fair.

Respectfully submitted,

Dated: February 29, 2008

*/s/ David M.C. Peterson*
**DAVID M.C. PETERSON**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Tran

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing is true and accurate to the best information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy to Chambers

Copy to Assistant U.S. Attorney via ECF NEF

Copy to Defendant

Dated: February 29, 2008        /s/ DAVID M. PETERSON
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA  92101-5030
(619) 234-8467  (tel)
(619) 687-2666  (fax)
David_Peterson@fd.org (email)