KAREN P. HEWITT
United States Attorney
WILLIAM A. HALL, JR.
Assistant U.S. Attorney
California State Bar No. 253403
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7046/(619) 235-2757 (Fax)
Email: william.a.hall@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>BIEN VU HAI TRAN,<br><br>　　　　　　　　Defendant(s). | Criminal Case No. 08CR0367-JLS<br><br>DATE:　　March 14, 2008<br>TIME:　　1:30 p.m.<br>Before Honorable Janis L. Sammartino<br><br>UNITED STATES' STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

**I**

**STATEMENT OF THE CASE**

The Defendant, Bien Vu Hai Tran (hereinafter "Defendant"), was charged by a grand jury on February 13, 2008, with violating 8 U.S.C. §§ 1324(a)(2)(B)(ii), bringing in illegal alien(s) for financial gain, 8 U.S.C. §§ 1324(a)(2)(B)(iii), bringing in illegal alien(s) without presentation, and aiding and abetting. Defendant was arraigned on the two-count Indictment on February 14, 2008, and entered a plea of not guilty.

**II**

**STATEMENT OF FACTS**

Defendant was apprehended on the morning of January 30, 2008, by United States Customs and Border Protection ("CBP") Officers at the San Ysidro, California Port of Entry. There,

1   Defendant entered the vehicle inspection lanes as the driver and sole occupant of a 2001 Chevrolet
2   Suburban ("the vehicle").

3   During pre-primary roving operations, a service canine alerted to the vehicle. At primary
4   inspection, Defendant gave a negative declaration to a CBP Officer. Defendant presented his
5   Permanent Resident Card (I-551) and a California Identification Card as his entry documents.
6   Defendant claimed he had owned the vehicle for two weeks and presented a vehicle registration
7   in his name. The CBP Officer discovered that the vehicle registration was counterfeit and noticed
8   that Defendant's hands were shaking. Defendant stated he was travelling to Orange County,
9   California. A search of the vehicle then revealed the presence of a non-factory undercarriage
10  compartment. Defendant and the vehicle were referred to the secondary lot for further inspection.

11  At secondary inspection, CBP officers had to remove the rear seats and carpeting of the
12  vehicle to gain access to the non-factory compartment. Hidden inside were two women, neither
13  of which possessed legal documents permitting her to enter or remain in the United States.

14  In an interview, one of the women hiding inside the non factory-compartment, Socorro
15  Oseguera-Perez (hereafter "the material witness"), stated that she was a citizen and national of
16  Mexico illegally present in the United States. The material witness also stated that she was not in
17  possession of any immigration documents allowing her to enter or to remain inside the United
18  States. She further stated that she was traveling to Los Angeles, California to seek employment,
19  and was going to pay unknown smugglers $2,500 USD upon her arrival to Los Angeles.

20  In a post-Miranda statement, Defendant admitted, in pertinent part, knowledge that there
21  was at least one alien concealed in the vehicle. He further admitted that he was going to receive
22  a monetary payment of $1,000 USD for the smuggling venture.

23  //
24  //
25  //
26  //
27
28                                                  4

## III

## RESPONSE TO DEFENDANT'S MOTIONS

A.  **DISCOVERY REQUESTS AND MOTION TO PRESERVE EVIDENCE**

   1.  **The Government Has or Will Disclose Information Subject To Disclosure Under Rule 16(a)(1)(A) and (B) Of The Federal Rules Of Criminal Procedure**

The government has disclosed, or will disclose well in advance of trial, any statements subject to discovery under Fed. R. Crim. P. 16(a)(1)(A) (substance of Defendant's oral statements *in response to government interrogation*) and 16(a)(1)(B) (Defendant's relevant written or recorded statements, written records containing substance of Defendant's oral statements *in response to government interrogation*, and Defendant's grand jury testimony).

   a.  The Government Will Comply With Rule 16(a)(1)(D)

Defendant has already been provided with his or her own "rap" sheet and the government will produce any additional information it uncovers regarding Defendant's criminal record. Any subsequent or prior similar acts of Defendant that the government intends to introduce under Rule 404(b) of the Federal Rules of Evidence will be provided, along with any accompanying reports, at a reasonable time in advance of trial.

   b.  The Government Will Comply With Rule 16(a)(1)(E)

The government will permit Defendant to inspect and copy or photograph all books, papers, documents, data, photographs, tangible objects, buildings or places, or portions thereof, that are material to the preparation of Defendant's defense or are intended for use by the government as evidence-in-chief at trial or were obtained from or belong to Defendant.

Reasonable efforts will be made to preserve relevant physical evidence which is in the custody and control of the investigating agency and the prosecution, with the following exceptions: drug evidence, with the exception of a representative sample, is routinely destroyed after 60 days, and vehicles are routinely and periodically sold at auction. Records of radio transmissions, if they existed, are frequently kept for only a short period of time and may no longer be available.

1  Counsel should contact the Assistant United States Attorney assigned to the case two weeks before
2  the scheduled trial date and the Assistant will make arrangements with the case agent for counsel
3  to view all evidence within the government's possession.

    c. The Government Will Comply With Rule 16(a)(1)(F)

The government will permit Defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, that are within the possession of the government, and by the exercise of due diligence may become known to the attorney for the government and are material to the preparation of the defense or are intended for use by the government as evidence-in-chief at the trial. Counsel for Defendant should contact the Assistant United States Attorney assigned to the case and the Assistant will make arrangements with the case agent for counsel to view all evidence within the government's possession.

    d. The Government Will Comply With Its Obligations Under Brady v. Maryland

The government is well aware of and will fully perform its duty under Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant, however, is not entitled to all evidence known or believed to exist that is, or may be, favorable to the accused, or that pertains to the credibility of the government's case. As stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that:

> [T]he prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

611 F.2d at 774-775 (citations omitted). See also United States v. Sukumolachan, 610 F.2d 685, 687 (9th Cir. 1980) (the government is not required to create exculpatory material that does not exist); United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976) (Brady does not create any pretrial privileges not contained in the Federal Rules of Criminal Procedure).

    e.  Discovery Regarding Government Witnesses

      (1) Agreements. The government has disclosed or will disclose the terms of any agreements by Government agents, employees, or attorneys with witnesses that testify at trial. Such information will be provided at or before the time of the filing of the Government's trial memorandum.[1] The government will comply with its obligations to disclose impeachment evidence under Giglio v. United States, 405 U.S. 150 (1972).

      (2) Bias or Prejudice. The government has provided or will provide information related to the bias, prejudice or other motivation to lie of government trial witnesses as required in Napue v. Illinois, 360 U.S. 264 (1959).

      (3) Criminal Convictions. The government has produced or will produce any criminal convictions of government witnesses plus any *material* criminal acts which did not result in conviction. The government is not aware that any prospective witness is under criminal investigation.

      (4) Ability to Perceive. The government has produced or will produce any evidence that the ability of a government trial witness to perceive, communicate or tell the truth is impaired or that such witnesses have ever used narcotics or other controlled substances, or are alcoholics.

      (5) Witness List. The government will endeavor to provide Defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the government's trial memorandum is filed, although delivery of such a list is not required. See United States v. Dischner, 960 F.2d 870 (9th Cir. 1992); United States v. Culter, 806 F.2d 933, 936 (9th Cir. 1986); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987). Defendant, however, is not entitled to the production of addresses or phone numbers of possible government witnesses. See United

---

[1] As with all other offers by the government to produce discovery earlier than it is required to do, the offer is made without prejudice. If, as trial approaches, the government is not prepared to make early discovery production, or if there is a strategic reason not to do so as to certain discovery, the government reserves the right to withhold the requested material until the time it is required to be produced pursuant to discovery laws and rules.

1  States v. Thompson, 493 F.2d 305, 309 (9th Cir. 1977), cert. denied, 419 U.S. 834 (1974).
2  Defendant has already received access to the names of potential witnesses in this case in the
3  investigative reports previously provided to him or her.

4        (6)    <u>Witnesses Not to Be Called.</u>  The government is not required to
5  disclose all evidence it has or to make an accounting to Defendant of the investigative work it has
6  performed.  <u>Moore v. Illinois</u>, 408 U.S. 786, 795 (1972); <u>see</u> <u>United States v. Gardner</u>, 611 F.2d
7  770, 774-775 (9th Cir. 1980).  Accordingly, the government objects to any request by Defendant
8  for discovery concerning any individuals whom the government does not intend to call as
9  witnesses.

10        (7)    <u>Favorable Statements.</u>  The government has disclosed or will
11  disclose the names of witnesses, if any, who have made favorable statements concerning Defendant
12  which meet the requirements of <u>Brady</u>.

13        (8)    <u>Review of Personnel Files.</u>  The government has requested or will
14  request a review of the personnel files of all federal law enforcement individuals who will be called
15  as witnesses in this case for <u>Brady</u> material.  The government will request that counsel for the
16  appropriate federal law enforcement agency conduct such review.  <u>United States v. Herring</u>, 83
17  F.3d 1120 (9th Cir. 1996); <u>see</u>, <u>also</u>, <u>United States v. Jennings</u>, 960 F.2d 1488, 1492 (9th Cir.
18  1992); <u>United States v. Dominguez-Villa</u>, 954 F.2d 562 (9th Cir. 1992).

19  Pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) and <u>United States v.</u>
20  <u>Cadet</u>, 727 F.2d 1452 (9th Cir. 1984), the United States agrees to "disclose information favorable
21  to the defense that meets the appropriate standard of materiality . . ." <u>United States v. Cadet</u>, 727
22  F.2d at 1467, 1468.  Further, if counsel for the United States is uncertain about the materiality of
23  the information within its possession in such personnel files, the information will be submitted to
24  the Court for <u>in camera</u> inspection and review.

25        (9)    <u>Government Witness Statements.</u> Production of witness statements
26  is governed by the Jencks Act, 18 U.S.C. § 3500, and need occur only after the witness testifies

27

28        8

1  on direct examination. United States v. Taylor, 802 F.2d 1108, 1118 (9th Cir. 1986); United States v. Mills, 641 F.2d 785, 790 (9th Cir. 1981)).  Indeed, even material believed to be exculpatory and therefore subject to disclosure under the Brady doctrine, if contained in a witness statement subject to the Jencks Act, need not be revealed until such time as the witness statement is disclosed under the Act.  See United States v. Bernard, 623 F.2d 551, 556-57 (9th Cir. 1979).

The government reserves the right to withhold the statements of any particular witnesses it deems necessary until after the witness testifies.  Otherwise, the government will disclose the statements of witnesses at the time of the filing of the government's trial memorandum, provided that defense counsel has complied with Defendant's obligations under Federal Rules of Criminal Procedure 12.1, 12.2, and 16 and 26.2 and provided that defense counsel turn over all "reverse Jencks" statements at that time.

        f.        The Government Objects To The Full Production Of Agents' Handwritten Notes At This Time

Although the government has no objection to the preservation of agents' handwritten notes, it objects to requests for full production for immediate examination and inspection.  If certain rough notes become relevant during any evidentiary proceeding, those notes will be made available.

Prior production of these notes is not necessary because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness' assertions *and* they have been approved or adopted by the witness.  United States v. Spencer, 618 F.2d 605, 606-607 (9th Cir. 1980); see also United States v. Griffin, 659 F.2d 932, 936-938 (9th Cir. 1981).

        g.        All Investigatory Notes and Arrest Reports

The government objects to any request for production of all arrest reports, investigator's notes, memos from arresting officers, and prosecution reports pertaining to Defendant.  Such reports, except to the extent that they include Brady material or the statements of Defendant, are

9

1    protected from discovery by Rule 16(a)(2) as "reports . . . made by . . . Government agents in
2    connection with the investigation or prosecution of the case."

3    Although agents' reports may have already been produced to the defense, the government
4    is not required to produce such reports, except to the extent they contain Brady or other such
5    material. Furthermore, the government is not required to disclose all evidence it has or to render
6    an accounting to Defendant of the investigative work it has performed. Moore v. Illinois, 408 U.S.
7    786, 795 (1972); see United States v. Gardner, 611 F.2d 770, 774-775 (9th Cir. 1980).

8        h.    Expert Witnesses.

9    Pursuant to Fed. R. Crim. P. 16(a)(1)(G), at or about the time of filing its trial
10    memorandum, the government will provide the defense with notice of any expert witnesses the
11    testimony of whom the government intends to use under Rules 702, 703, or 705 of the Fed. R. of
12    Evidence in its case-in-chief. Such notice will describe the witnesses' opinions, the bases and the
13    reasons therefor, and the witnesses' qualifications. Reciprocally, the government requests that the
14    defense provide notice of its expert witnesses pursuant to Fed. R. Crim. P. 16(b)(1)(C).

15        i.    Information Which May Result in Lower Sentence.

16    Defendant has claimed or may claim that the government must disclose information about
17    any cooperation or any attempted cooperation with the government as well as any other
18    information affecting Defendant's sentencing guidelines because such information is discoverable
19    under Brady v. Maryland. The government respectfully contends that it has no such disclosure
20    obligations under Brady.

21    The government is not obliged under Brady to furnish a defendant with information which
22    he already knows. United States v. Taylor, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986), cert. denied,
23    479 U.S. 1094 (1987); United States v. Prior, 546 F.2d 1254, 1259 (5th Cir. 1977). Brady is a rule
24    of disclosure. There can be no violation of Brady if the evidence is already known to Defendant.

25    Assuming that Defendant did not already possess the information about factors which
26    might affect their respective guideline range, the government would not be required to provide

27
28        10

information bearing on Defendant's mitigation of punishment until after Defendant's conviction or plea of guilty and prior to his sentencing date. "No [Brady] violation occurs if the evidence is disclosed to the defendant at a time when the disclosure remains of value." United States v. Juvenile Male, 864 F.2d 641 (9th Cir. 1988).

**B.    NO OPPOSITION TO LEAVE TO FILE FURTHER MOTIONS**

The United States does not object to the granting of leave to allow Defendant to file further motions, as long as the order applies equally to both parties and additional motions are based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion at issue.

## IV

## CONCLUSION

For the foregoing reasons, the government respectfully requests that Defendant's motions, except where not opposed, be denied.

DATED: March 7, 2008.

                                          Respectfully submitted,

                                        KAREN P. HEWITT
                                        United States Attorney

                                        s/ William A. Hall, Jr.
                                        WILLIAM A. HALL, JR.
                                        Assistant United States Attorney